ANTHONY JABLONSKI, *Admr. vs.* FELIX ANDRUSCKIEWICZ

MAY 17, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is an appeal by Anthony Jablonski, administrator, from a decree of the probate court of the city of Providence granting appellee leave to file a claim out of time under the second proviso of general laws 1938, chapter 578, §3, against the estate of Joseph Jablonski, late of Providence, deceased. It is brought directly to us under the rule of this court adopted February 19, 1934, which controls in such a case.

This section provides that all persons having claims, including pending suits, against the estate of a deceased person, shall file statements of their claims in the probate court, and that all claims not filed within one year from the first publication of the qualification of the first executor or administrator shall be barred. These provisions are followed by two provisos: The first proviso permits a creditor to petition the probate court for leave to file his claim out of time, at any time before distribution of the estate, on the ground that his failure to file his claim within such year was due to "accident, mistake or unforeseen cause . . . ." The second proviso, under which the appellee seeks relief in this case, is that a creditor who, "by reason of any other cause" has failed to file his claim within such year, may, at any time, before the distribution of the estate, petition

the probate court for leave to file his claim, and the probate court, after notice to the executor or administrator of the estate, and a hearing on said petition, may, "in its discretion", grant leave to file such claim. We note here that since this case arose these two provisos have been amended by public laws of 1941, chapter 1003, sec. 2.

The evidence in this case, which is undisputed and practically without conflict, shows the following facts: Appellee's claim is based on a promissory note for $800, dated September 8, 1924 and payable to his order six months thereafter. It is signed:

"Joseph Jablonski (seal)
Costantin Young
Witness F. J. Duffy."

Entries on the back of the note show payment of interest to March 10, 1931.

On September 17, 1937 appellee brought an action on the note against Joseph Jablonski alone, in which action the latter pleaded the general issue and the statute of limitations. Jablonski died February 11, 1939 before the action was tried. As his estate consisted of a piece of real estate but no personal property, his heirs and next of kin did not petition for the appointment of an administrator. On November 12, 1941 the appellee filed a creditor's petition for the appointment of an administrator of decedent's estate and, on December 19, 1941, the appellant, a son of the deceased, was named by the probate court to act in that capacity.

The attorney, who represented the appellee in the proceedings last mentioned, brought the petition in the instant case and testified in the probate court as to why the claim in question was not filed in time. His testimony on this point in substance was that, on the same day that the administrator was appointed, he directed his stenographer to make out a claim against decedent's estate on the hereinbefore-described note, in accordance with the information and the form that he gave her. There is some confusion in his testimony as to what further instructions he gave her at that

time respecting the claim. In direct examination he testified that he instructed her that when the claim was prepared according to his directions she was to mail it to the probate court. In cross-examination he testified as follows: "Q. Was she to file the claim in the Probate Court, or were you to file the claim? A. Well, I was expecting she would make the claim and she would leave it on my desk and I would follow the thing up. Q. Then all that she was to do was to type up the claim and give it to you? A. Yes, and eventually mail it."

The attorney further testified that he did not remember ever looking over the claim after it was prepared by the stenographer, and that he never examined his office files or the probate records to find out whether the claim had actually been filed in the probate court. In the course of his cross-examination he was asked whether, as a matter of fact, he did not "just forget to file that claim" and his answer finally was an unqualified "Yes".

The stenographer, a witness for the appellee, testified that she made out a claim in accordance with the attorney's instructions; that she put the claim, as prepared by her, on the attorney's desk for his examination and signature; that she was not instructed to mail the claim to the probate court; and that it was his custom to file such claims himself.

The time for filing claims against decedent's estate expired January 2, 1943. Costantin Young, whose name appears immediately under that of the deceased on the note, died January 17, 1943. On February 26, 1943 appellee's attorney was notified in writing, probably because his name appeared on the petition for the appointment of an administrator, that the administrator's first and final account would be in order for hearing in the probate court on March 2, 1943. He then, for the first time, examined the probate records and discovered that appellee's claim had not been filed, whereupon, on March 5, 1943, he brought the petition in this case.

The decree appealed from permits the appellee to file his

claim out of time for a "sufficient and valid reason." There is no rescript by the probate judge nor is there any statement by him in the record before us indicating the ground upon which he based his conclusion. In *Rhode Island Hospital Trust Co.* v. *Simons*, 60 R. I. 108, where the same proviso as in the instant case was involved, we said that the proviso gives a wide, although not unlimited discretion, to the probate court; and we further said that its judgment on facts after a fair hearing will stand as conclusive unless such judgment is so lacking in evidence to support it that there is no valid reason for the exercise of the court's discretion. In *Dunlop* v. *McLaughlin*, 62 R. I. 417, at page 423, we said that the only effect of allowing a petitioner to file his claim out of time under the proviso in question was to give him an opportunity to litigate his case on its merits, which is always favored by the courts, provided that no inequity would result to the estate.

Appellee contends that, as the filing of his claim out of time will not prejudice decedent's estate, there is here a sufficiently valid reason within the scope of the proviso as interpreted in the *Simons* and *Dunlop* cases. We cannot follow him in this contention for two reasons, first, because the *Simons* and *Dunlop* cases are clearly distinguishable in their facts from the instant case; and, secondly, because in our judgment appellee's entire course of conduct has probably worked to his advantage and to the apparent prejudice of decedent's estate in the loss by the estate of material evidence in defense of the claim.

The note, upon which appellee relies to support his claim, is an ambiguous instrument. The fact that it has a seal, which is rather unusual on an ordinary note; that the seal appears after the name of Jablonski alone; that, according to the contention which the attorney for the appellant made in the probate court and before us, the seal has the appearance of newness when compared with the rest of the note; and that the capacity in which Costantin Young signed the note is uncertain, are some of the circumstances, in connec-

tion with the note and claim, which are reasonably open to explanation and proof. The best evidence, if not the only evidence, on these points could come only from Jablonski or Young or both, who are now dead. The argument by the appellee that in this situation Jablonski's estate would not be prejudiced if he were allowed to file his claim out of time is to us unconvincing.

Apart from appellee's long delay in bringing an action on the note and his failure to make any move for over eighteen months, while Jablonski was living, to bring that action to trial, even though, as the record shows, Jablonski's attorney was always ready and willing to sign a stipulation setting the case down for trial at any time during that period; and apart from his delay for almost two years before bringing a creditor's petition for the appointment of an administrator of Jablonski's estate, the only reason appearing from the undisputed evidence before us why appellee's claim was not filed in time is merely that his attorney forgot to file the claim within the period prescribed by statute.

When we consider that there is great probability of prejudice resulting to the estate if the claim were allowed to be filed in the circumstances of this case, we cannot say that mere forgetfulness, unaccompanied by any extenuating circumstances, is a valid reason for the exercise of discretion by the probate court in appellee's favor under the proviso. To allow him to file his claim out of time on the record before us would encourage great laxity in the filing of claims against the estates of deceased persons, and thus seriously interfere with the orderly, prompt and just administration of such estates, which is the clear intent and purpose of our probate statutes.

For the reasons stated, the appeal is sustained, the decree appealed from is reversed, and the probate court is directed to take further proceedings in accordance with this opinion.

*William J. Carlos,* for appellant.

*Walter J. Hennessey, Joseph Janas,* for appellee.